

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 5, 1947

Hon. John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Opinion No. V-326

Re: Applicability to Fayette
County of H.B. 257, 50th
Legislature, relative to
County Juvenile Boards.

Dear Sir:

We refer to your recent request for our opinion as to whether Fayette County falls within the provisions of Article 5139, V. C. S., as amended by H. B. 257, Acts of the 50th Legislature, 1947, Vernon's Texas Session Law Service, page 560, the pertinent part of which is as follows:

". . . or which county is included in and forms a part of a Judicial District of five (5) or more counties, in one (1) or more of which counties the civil and criminal jurisdiction vesting by General Law in the County Court has been, or hereafter shall be, transferred to the exclusive jurisdiction of the District Court of such county or counties, and having a combined population in such Judicial District of more than thirty-five thousand (35,000) inhabitants, according to the last preceding Federal Census; . . . the Judge of such Judicial District, together with the County Judge of such county are hereby constituted a Juvenile Board for such county. The members composing such Juvenile Board in each such county shall each be allowed additional compensation of not less than One Hundred Dollars ($100) per annum, and not more than Three Hundred Dollars ($300) per annum, which shall be paid in twelve (12) equal installments out of either the general fund or the jury fund of such county, such additional compensation to be fixed by the Commissioners Court of such county."

The 22nd Judicial District is composed of five counties, namely:  Austin, Hays, Caldwell, Fayette, and Comal.  The combined population of said district is 99,-193 as reflected by the last preceding Federal Census.

The civil and criminal jurisdiction of the County Court of Comal County has been transferred to the exclusive jurisdiction of the District Court of said county by the Acts of the 18th Legislature, March 16, 1883, chapter 35, p. 24.  See Art. 1970-310, V. C. S.

In view of the foregoing and the plain and unambiguous language in Art. 5139, supra, you are respectfully advised that it is the opinion of this Department that Fayette County falls within the provisions of said Act upon its effective date, which is ninety days after date of adjournment of the 50th Legislature.  That date is September 5, 1947.

We wish to point out, however, that inasmuch as you have not requested same, we are not passing upon the constitutionality of the Act; but we believe that the provision which allows the additional compensation to be paid out of the Jury Fund of such county comes within the holding in the case of Carrol v. Williams, 109 Tex. 155, 202 S.W. 504.

## SUMMARY

Fayette County falls within the provisions of Art. 5139, V. C. S., as amended by H. B. 257, Acts of the 50th Legislature, 1947, which provides for a Juvenile Board in counties, where said counties are within a Judicial District composed of five or more counties, where said District has a combined population of more than 35,000 inhabitants, and where in one or more of such counties the civil and criminal jurisdiction has been transferred to the exclusive jurisdiction of the District Court.

Yours very truly

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:jt;djm